Caeuthers, L,
delivered the opinion of the Court.
This is an indictment for speaking obscene words. A demurrer to the indictment was sustained by the Court below, and the State appealed to this Court.
There can be no doubt as to the correctness of the judgment, according to the authorities. The indictment is bad for duplicity. Two may be severally but not jointly guilty of uttering the same abusive words. If both spoke the words at the same or different times, still the offence of each would be distinct, and they could not be joined in the same count. Torts are in their nature several, and each offender must answer for his own individual crime, yet where the acts are such in their nature that several may join in their perpetration, they may be proceeded in jointly. Of this character are homicides, trespasses, larcenies, riots, and all others which admit of the agency of several in their commission. All such offenders may be either jointly or separately prosecuted. Arch. Cr. P. 96.
But in that class of cases in which but one can act, two or more cannot be joined together, in the charge. Two cannot be guilty of the same act of perjury, barratry, and the like offences, because the *109 act which constitutes the office must in its nature be several, and personal. 1 Chitty C. L., 268. Arch. C. P. 96. In perjury, as well as the oilence of obscenity, the crime is committed by words spoken, and the same words uttered by one cannot possibly be applied to those which proceeded from another. If two or more be guilty, it must be by separate and distinct acts — there can be no unity in the act which constitutes the crime; each offender is to answer for himself and alone, and not for, or with another. This doctrine, however, does not apply to indictments which include several offenders in different counts, as that may be done, or to the charge of several crimes against the same defendant in different counts. Ib. 9 Yerg., 335, provided the plea and judgment would be the same in each case. The duplicity which is prohibited, consists in including two different and distinct crimes in the same count, or more than . one person in a count where the acts charged were in fact several, or in their nature incapable of unity of agency.
In the case before us, two men are jointly charged in the same count with the odious offence of uttering obscene and vulgar words. This could certainly be done by concert, that is, each might, utter the same words at one time, but still the act of each would be a complete, several and distinct offence. The charge, then, must be several and not joint, either by different indictments, or different counts in the same indictment.
Duplicity in criminal cases may be taken advantage, of either by demurrer or motion to quash. Whar. Cr. L. 38. In this case, it is by demurrer, and the *110 judgment is, that the demurrer be sustained, and the Indictment be quashed. The appeal in error is by the Attorney General.
The judgment must be affirmed.